count V of plaintiff's complaint is granted, and said count is hereby dismissed with prejudice. Defendant Molden's motion to strike paragraph 17 of plaintiff's complaint is denied. Answers to plaintiff's complaint must be filed within 20 days of this date.

## Commonwealth v. Roesch

*Roy K. Lisko, Assistant District Attorney,* for Commonwealth.
*Ronald M. Lucas,* for defendant.

BROWN, *P.J.,* April 9, 1981

### FACTUAL BACKGROUND

The Commonwealth and defendant agree that defendant was observed and stopped by an officer employed by the Bureau of Police Services of The Pennsylvania State University in a parking lot des-

ignated as "Parking Area 80." This parking lot has signs at all of its entrances which read as follows:

RESERVED STUDENT PARKING

Area 80

Student Registered Vehicles Only

Green 7 A.M. TO 2:30 A.M. Weekdays
7 A.M. SAT. TO 2:30 A.M. MON.
Yellow 5:30 P.M. TO 2:30 A.M. Weekdays
12:30 P.M. SAT. TO 7 A.M. MON.
No Parking 2:30 A.M. TO 7 A.M. Weekdays
2:30 A.M. TO 7 A.M. SAT.
Violators Will Be Prosecuted

Defendant was ultimately charged with violating 75 Pa.C.S.A. §3714 and 3731, reckless driving and driving under the influence, respectively. Defendant filed this motion to quash asserting that the aforementioned sections are not applicable where the perpetrator is driving in a restricted parking lot.

DISCUSSION

Neither of the sections which defendant is charged with violating contains language stating the areas to which they apply. Instead, they are governed by 75 Pa.C.S.A. §3101 which states:

"§3101. Application of part.

"(a) General rule.—Except as provided in subsection (b), the provisions of this part relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except where a different place is specifically referred to in a particular provision.

"(b) Serious traffic offenses.—The provisions of Subchapter B of Chapter 37 (relating to serious

traffic offenses)[1] shall apply upon the highways and trafficways throughout this Commonwealth. 1976, June 17, P.L. 162, No. 81, §1, eff. July 1, 1977."

Section 3714 of the Vehicle Code which codifies the offense of reckless driving does not contain references to a different place where that offense can take place so as to put it out of the operation of the general rule of section 3101(a). It thus appears that this offense can only take place upon a highway. Section 102 of the code, 75 Pa.C.S.A. §102, defines a highway as: "The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel. The term includes a roadway open to the use of the public for vehicular travel on grounds of a college or university or public or private school or public or historical park."

One case decided under the former definition of "highway" under section 102 specifically found that a shopping center parking lot did not constitute a highway in a reckless driving prosecution: Com. v. Munley, 32 D. & C. 2d 500 (1963). Although section 102 has undergone some changes since the Munley case, we feel its logic to be compelling. Although The Pennsylvania State University receives an appropriation from the Commonwealth as a state-related university, it cannot honestly be said that the parking lot was publicly maintained. More importantly, however, we do not feel that the parking area in question was a "roadway open to the use of the public for purposes of vehicular travel." Section 102 defines a "roadway" and provides in part: "Roadway. That portion of a highway improved,

---

1. Sections 3731 to 3734 of this title.

designed or ordinarily used for vehicular travel. . . ."

We do not feel that the parking lot in question was "improved, designed, or ordinarily used for vehicular travel" and therefore the court quashes defendant's charge for reckless driving.

We now consider defendant's motion to quash the charge of driving under the influence. Since the footnote to 75 Pa.C.S.A. §3101 indicates that driving under the influence is a serious traffic offense, that offense can take place on a highway or trafficway: 75 Pa.C.S.A. §3101(b). Our prior discussion has already addressed the question of whether the parking area in question is a "highway." We answered in the negative. We are now concerned with whether or not the parking area in question is a "trafficway" within the meaning of 75 Pa.C.S.A. §3101(b). There are no cases directly on point.

Section 102 of the Vehicle Code, 75 Pa.C.S.A. §102, defines a trafficway as follows: "Trafficway. The entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom."

The parking area in question is restricted for the use of properly registered student vehicles and designed for the parking of these vehicles. We have no evidence before us from which we could find that this restricted parking area is open to the public for the purposes of vehicular traffic. Although the parking area appears to be available to the public during some odd hours, the area is intended for the parking of vehicles and not for travel.

Although this decision may seem unrealistic in that it would allow these offenses to take place in this parking area without the possibility of punish-

ment, the problem created by the statute is the making of our legislature. It is this court's duty to construe penal statutes strictly and any ambiguities contained therein must be resolved in favor of the accused and against the prosecution: Com. v. Driscoll, 485 Pa. 99, 401 A. 2d 312 (1979). This rule of construction has been held to apply to penal sections of the Vehicle Code: Com. v. Baker, 20 Cumb. 34 (1970). If it is the intention of our legislature to protect the public from persons driving under the influence in any conceivable situation, let it amend the statute to clearly provide so.

## ORDER

And now, April 9, 1981, upon consideration of defendant's motion to quash, said motion is hereby granted and defendant is discharged.